# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CINDY L. LIBENGOOD, Special Administrator to the Estate of RALPH L. LIBENGOOD, Deceased, ) ) ) ) | |
| Plaintiff, ) ) | 8:07CV444 |
| vs. ) ) | ORDER |
| FORTIS HEALTH INSURANCE COMPANY and JOHN ALDEN LIFE INSURANCE COMPANY, ) ) ) ) | |
| Defendants. ) | |

This matter is before the court on the defendants' Motion to Strike Plaintiff's Disclosure of Expert Witness, or, in the Alternative, to Set Deadline for Plaintiff to Serve Expert Report and Extend Deadline (Filing No. 34). The defendants sought to strike the plaintiff's witness, Larry Stephen Milner, M.D., J.D., F.A.C.P., as an expert witness because the plaintiff disclosed his name, but did not provide an expert report as required by Fed. R. Civ. P. 26(a)(2). The plaintiff explained the error was not intentional, but due to some confusion about the difference between when to disclose the expert's name only and when the report was due. **See** Filing No. 36. The plaintiff proposes a forty-five day extension of the deadline to provide the expert's report. The defendants do not oppose the extension, but seek thirty days after receipt of the report to disclose the defendants' expert witnesses. The court finds a brief extension of the plaintiff's disclosure deadline will facilitate discovery in this case without undue prejudice on the defendants. Upon consideration,

**IT IS ORDERED:**

1. The defendants' Motion to Strike Plaintiff's Disclosure of Expert Witness, or, in the Alternative, to Set Deadline for Plaintiff to Serve Expert Report and Extend Deadline (Filing No. 34) is granted as set forth herein.

2. The plaintiff shall have to **on or before March 30, 2009**, to serve the defendants with Dr. Milner's statement as required by Fed. R. Civ. P. 26(a)(2).

3. The defendants shall have to **on or before April 30, 2009**, to serve the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness they expects to call to testify at trial.

4. If necessary to refute the disclosed opinions of the defendants' expert witnesses, the plaintiff may disclose additional expert witnesses not later than **May 29, 2009**, provided that the plaintiff then provides all of the information described in Fed. R. Civ. P. 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of depositions.

5. Motions in limine challenging the admissibility of expert testimony at trial under Fed. R. Evid. 702, **see *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999)** and ***Daubert v. Merrell-Dow Pharms.*, 509 U.S. 579 (1993)**, shall be filed by **June 8, 2009**, and accompanied by a request for a hearing if necessary. Failure to timely move for a hearing may constitute waiver of the request for a hearing.

DATED this 19th day of February, 2009.

BY THE COURT:

 s/ Thomas D. Thalken
 United States Magistrate Judge