# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CINDY L. LIBENGOOD, Special Administrator to the Estate of RALPH L. LIBENGOOD, Deceased, ) ) ) ) | |
| Plaintiff, ) ) | 8:07CV444 |
| vs. ) ) | ORDER |
| FORTIS HEALTH INSURANCE COMPANY and JOHN ALDEN LIFE INSURANCE COMPANY, ) ) ) ) | |
| Defendants. ) | |

This matter is before the court on the plaintiff's Motion for Leave to Serve More Than Fifty Interrogatories (Filing No. 29). Specifically, the plaintiff seeks leave to serve 67, rather than the 50 interrogatories allowed by the February 20, 2008 Order for Initial Progression of Case. **See** Filing No. 17 - Order. The plaintiff filed a brief (Filing No. 30) and an affidavit (Filing No. 32) in support of the motion. Additionally, the plaintiff filed the proposed interrogatories (Filing No. 29-2) attached to the motion. The defendant filed a brief (Filing No. 33) in opposition to the plaintiff's motion. The plaintiff did not file a reply.

## BACKGROUND

Ralph Libengood died of cancer of the esophagus. **See** Filing No. 9 - Amended Complaint ¶ 1. Mr. Libengood's wife, the plaintiff, alleges the defendants issued Mr. Libengood a certificate of insurance for the health insurance policy on September 28, 2003. *Id.* The plaintiff alleges Mr. Libengood made claims for medical expenses during the course of his cancer treatment. *Id.* ¶ 3. However, on February 15, 2005, the claims were denied and the defendants "reformed coverage" under the policy to exclude coverage for Mr. Libengood's illness. *Id.* Based on these facts, the plaintiff alleges the defendants breached their insurance contract with the decedent. *Id.* The plaintiff seeks $187,008.93 in medical bills plus reasonable attorney's fees. *Id.* ¶¶ 6-7.

On October 19, 2007, the plaintiff filed the instant action in the District Court of Pierce County, Nebraska. **See** Filing No. 1 - Ex. A Complaint. On November 20, 2007, the defendants removed the matter to the United States District Court for the District of Nebraska. **See** Filing No. 1 - Notice of Removal. On December 4, 2007, the plaintiff filed an amended complaint. **See** Filing No. 9. On December 18, 2007, the defendants filed an answer. **See** Filing No. 10.

On February 19, 2008, the parties filed their joint Report of Planning Conference. **See** Filing No. 16. The parties disputed the number of interrogatories which would be appropriate for the case. *Id.* ¶ 7. Specifically, the defendants stated 30 would be sufficient, however the plaintiff sought leave to serve 100 interrogatories. *Id.* The court set the limit at 50 interrogatories. **See** Filing No. 17. The discovery deadline is July 29, 2009, and trial is scheduled for October 19, 2009. **See** Filing No. 26.

On January 28, 2009, the plaintiff filed the instant motion seeking leave to serve 67 interrogatories. **See** Filing No. 29. The plaintiff argues the additional interrogatories are necessary based on the number of the defendants' affirmative defenses (23) and due to information left out of the defendants' mandatory disclosures. *Id.* Specifically, the plaintiff states she must ask 51 contention interrogatories related to the affirmative defenses alone. *Id.* The plaintiff contends good cause exists for the increase in number of interrogatories in order to narrow the issues for trial and shape the case for further discovery. **See** Filing No. 30 - Brief. After filing the motion, the plaintiff provided proof counsel had conferred about the issue, but were unable to resolve the dispute. **See** Filing No. 32.

The defendants deny the plaintiff has shown good cause for an increase in the number of interrogatories. **See** Filing No. 33. The defendants argue the plaintiff delayed nearly one year between the time the court set the discovery limits and making the request. Additionally, the defendants state the parties already have twice the number of interrogatories normally allowed under the federal rules. **See** Fed. R. Civ. P. 33(a)(1). The defendants contend fifty interrogatories are sufficient for this case, which is not complex. More specifically, the defendants argue the proposed interrogatories will not aid discovery because they impermissibly seek legal conclusions or theories of counsel or facts already

within the plaintiff's knowledge. Accordingly, the defendants assert many of the interrogatories are objectionable.

The court has reviewed the proposed interrogatories. The interrogatories are listed as Interrogatory No. 1 through No. 28, however many contain subparts. **See** Filing No. 29-2. The court will not provide an advisory opinion with regard to whether any of the interrogatories are objectionable as written. However, the court finds the plaintiff has met her burden of showing Interrogatory Nos. 1-28 are reasonably calculated to advance the orderly pretrial development of this case. These interrogatories are primarily related to discovery regarding the defendants' numerous affirmative defenses. Therefore, the plaintiff is granted leave to serve the interrogatories presented. Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion for Leave to Serve More Than Fifty Interrogatories (Filing No. 29) is granted.

DATED this 27th day of February, 2009.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge